UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LLOYD SCOTT HOLDING,

    Plaintiff,

v.                                           Case No: 2:17-cv-623-FtM-99CM

AMS, INC., JOHN MURRAY and
GUY LAMPONE,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Third Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice filed on September 28, 2018. Doc. 29. The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice. For the reasons set forth herein, the Court recommends the settlement be **APPROVED** and Plaintiff's claims be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable res[o]lution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides:

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable res[o]lution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Plaintiff brought this action against Defendants, alleging Defendants did not compensate him with overtime pay in violation of the FLSA, 29 U.S.C. § 207.[2] Doc. 1 ¶¶ 32-41. Defendant AMS, Inc. is a corporation engaged in business in Florida, Defendant John Murray is the president of AMS, Inc., and Defendant Guy Lampone is the General Manager of AMS, Inc.'s Southwest Florida Division. *Id.* ¶¶ 5-8, 13-14. Defendants hired Plaintiff as a non-exempt customer service employee in or about January 2011. *Id.* ¶¶ 3, 27. Plaintiff alleges Defendants did not compensate him at a rate of one-and-one-half times Plaintiff's regular hourly wage for overtime worked and failed to maintain proper time records. *Id.* ¶¶ 29-30. In his answers to the Court's interrogatories, Plaintiff stated his regular rate of pay was $17.50 per hour, and he worked an average of 15 hours of overtime per week from November 14, 2014 to June 23, 2016. Doc. 14 at 1-2. Accordingly, Plaintiff claimed he is owed $32,286.32. *Id.* at 2.

On June 4, 2018, the parties filed a Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice. Doc. 22. In the proposed settlement agreement, Defendants AMS, Inc. and John Murray agreed to pay Plaintiff and Plaintiff's counsel the total consideration of $50,000.00, of which $17,500.00 represented payment for unpaid wages, $17,500.00 represented an equal amount for liquidated damages, and $15,000.00 represented attorneys' fees and costs. *See* Doc.

---

[2] Jose Lloyd Scott Holding brought this suit on behalf of himself and others similarly situated on November 14, 2017. Doc. 1. On January 19, 2018, in response to the Court's Interrogatories, Plaintiff indicated he was not bringing the case as a collective action. Doc. 14 at 2. Mr. Holding is thus the only plaintiff in this action.

22-1 at 3. The Court denied the parties' joint motion without prejudice because the settlement agreement improperly contained general release and non-disparagement clauses without independent consideration for such as well as a confidentiality provision. *See* Doc. 23.

The parties filed a Second Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice on July 10, 2018, seeking the Court's approval of their amended proposed settlement agreement. Doc. 26. In the amended agreement, Defendants AMS, Inc. and John Murray agreed to pay Plaintiff and Plaintiff's counsel the total consideration of $49,000.00, of which $17,000.00 represented payment for unpaid overtime wages, $15,000.00 represented liquidated damages, $2,000.00 represented consideration for the general release by Plaintiff, and $15,000.00 represented attorneys' fees and costs. Doc. 26-1 at 2-3. The parties removed the confidentiality and non-disparagement clauses as well as the clause seeking the Court to retain jurisdiction. *See generally* Doc. 26-1. The "consideration" for the general release, however, appeared to have just been re-allocated from the payable liquidated damages that previously equaled the agreed-upon backpay. *Compare* Doc. 22-1 at 3, *with* Doc. 26-1 at 2; *see also* Doc. 26 at 5. Because the Court thus was unable to determine whether the agreement was fair and reasonable, the Court denied the motion without prejudice. Doc. 27. On September 14, 2018, the Honorable John E. Steele directed the parties to file a Third Motion to Approve Settlement Agreement or a Case Management Report. Doc. 28.

On September 28, 2018, the parties filed the present motion, once again seeking the Court's approval of their amended proposed settlement agreement. In the amended agreement, Defendants AMS, Inc. and John Murray[3] agree to pay Plaintiff $17,500.00 in resolution of his claim for unpaid overtime wages and $17,500.00 in resolution of his claim for liquidated damages. Doc. 29-1 at 2. The Court finds this constitutes a compromise given that Plaintiff initially alleged he was owed $32,286.32 in unpaid overtime wages alone. *See* Doc. 14 at 2; *see also* Doc. 29 at 5. The agreement contains a reciprocal, mutual release, and Defendants agree to pay Plaintiff $500.00 as independent consideration for his general release of claims. *Id.* at 3-5.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district have approved settlements for a compromised monetary amount in light of the uncertainty of success on the merits, the complexity of the case, and the expense and length of continued litigation. *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also*

---

[3] The Court notes Defendant Guy Lampone is not a party to any of the proposed settlement agreements. *See generally* Docs. 22-1, 26-1, 29-1. The proposed settlement agreement indicates, however, that the term "DEFENDANTS" shall include "each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs." Doc. 29-1 at 2. Therefore, the Court reads the proposed settlement agreement as including Mr. Lampone.

*Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483, at *3-4 (M.D. Fla. June 24, 2014); *Helms v. Central Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *2 (M.D. Fla. Dec. 26, 2006).

Although general releases typically are disfavored in FLSA cases, this Court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which the plaintiff is entitled under the FLSA, or when such releases are mutual and thus confer a benefit on the plaintiff. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010) (holding the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer"); *but see, e.g.*, *Prieto v. Scheeler's Cafe De Marco, Inc.*, No. 2:16-cv-139-FtM-99CM, 2017 WL 359220, at *3 (M.D. Fla. Jan. 9, 2017) (finding mutual general release fair and reasonable because it would ensure there would not be future litigation regarding events prior to settlement, including claims the defendants could have against the plaintiff in state court), *report and recommendation adopted*, 2017 WL 347508 (M.D. Fla. Jan. 24, 2017); *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (approving settlement agreement with general release because plaintiffs received independent consideration for it). Here, the general release is reciprocal, and Defendants have agreed to pay Plaintiff $500.00 in independent consideration for the release. *See* Doc. 29 at 2; Doc. 29-1 at 3-5.

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*:

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp. 2d at 1228. Here, the settlement was reached and the costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 29 at 3, 5-6; Doc. 29-1 at 3. Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $15,000.00. Doc. 29 at 3; Doc. 29-1 at 3. The Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Third Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 29) be **GRANTED**; and

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of October, 2018.

                                              */s/ Carol Mirando*
                                              CAROL MIRANDO
                                              United States Magistrate Judge

Copies:
Counsel of record